[Civ. No. 3995. First Appellate District, Division One.—November 10, 1921.]

## GUISEPPE TRIFIRO et al., Appellants, v. GIACOMO BEVILACQUA, Respondent.

[1] SALES—INSPECTION AND PAYMENT FOR WINE—SUBSEQUENT WORTH-LESSNESS—NONRESPONSIBILITY OF SELLER.—Where a quantity of wine was inspected by the agent of the buyers at the place of delivery and fully paid for without any objection as to its quality or amount, the seller was not responsible for anything that thereafter happened to the wine which rendered it unfit and unmerchantable when sought to be distributed by the buyers to their customers.

[2] ID.—QUANTITY SOLD—CONSTRUCTION OF CONTRACT.—A fair construction of a contract requiring the delivery of "two carloads of wine about 7,200 gallons" is that the specified number of gallons is merely an estimate or approximation of the content in gallons of two carloads, and is complied with by the delivery of two carloads containing 6,100 gallons, accepted and paid for without objection as to deficiency.

[3] ID.—ACTION FOR PURCHASE PRICE—APPEAL—PLEADING—DELIVERY OF DEFICIENT AMOUNT.—In an action to recover the purchase price of a quantity of wine which was spoiled and worthless upon arrival at place of destination, the plaintiffs cannot claim for the first time on appeal that the defendant breached his contract in delivering a less quantity than contracted for, where no mention was made of any such breach or any damages therefor averred in their complaint.

APPEAL from a judgment of the Superior Court of Santa Clara County. J. R. Welch, Judge. Affirmed.

The facts are stated in the opinion of the court.

Walter E. Dorn and L. W. Lovey for Appellants.

Victor A. Scheller and Albert Picard for Respondent.

RICHARDS, J.—This is an action in which the plaintiffs seek to recover from the defendant the purchase price of 6,100 gallons of wine alleged to have been purchased by them from the defendant at Madrone, Santa Clara County, California, and which wine proved upon its arrival in New York to be spoiled and worthless; and also to recover certain additional sums expended by the plaintiffs in connection with this shipment of said wine, together with a further recovery of $3,000 damages alleged to have been sustained by the plaintiffs in their business of supplying their customers with wine by reason of the fact that the wine that they thus received and supplied to them was spoiled and worthless.

The defendant answered, denying the averments of the plaintiffs' third amended complaint, and the cause proceeded to trial.

Upon the trial the written agreement of the parties as to the purchase and sale of this wine was presented in evidence, from which it appeared that the defendant sold and

the plaintiffs purchased "two carloads of wine about 7,200 gallons at the price of 23 cents a gallon, delivery at the car." The contract also called for the payment of the purchase price in cash upon delivery at the station at Madrone. The evidence showed without conflict that the actual amount of wine so delivered and paid for was 6,100 gallons. The evidence is otherwise quite conflicting as to the actions and conduct of the parties or their representatives at or about the time of the delivery of the wine in barrels upon the cars at Madrone.

Upon the submission of the cause the trial court made its findings of fact, in which the court found the existence of the written contract between the parties for the purchase and sale of the wine in question, and that in pursuance thereof 6,100 gallons of said wine was to be delivered to the plaintiffs at Madrone, California, and was in fact so delivered and was then and there examined and inspected by the duly authorized agent and representative of said plaintiffs, who then and there, and after such inspection and acceptance, paid the purchase price thereof and received said wine; that said wine was sound and merchantable, and that the plaintiffs' averments as to the unsound, unmerchantable, and inferior grade of said wine at the time and place of its delivery and acceptance are untrue. Upon these findings the trial court rendered its judgment in favor of the defendant and against the plaintiffs upon their several demands for reimbursement and damages. From such judgment this appeal has been taken.

[1] The first and main contention of the appellants is that the findings of the trial court are unsustained by the evidence in the case. The reporter's transcript on appeal embraces 160 pages of typewritten testimony and exhibits. The appellants have supplied us with no appendix to their opening brief, with no closing brief, and with not a single excerpt from this mass of evidence in their brief on file. We are merely referred to certain pages of the transcript as sustaining the appellants' quite brief and very general statement as to what the record in the case contains. Notwithstanding this entire absence of an effort at compliance with the sections of the code defining the duty of the appellants in this regard we have undertaken to examine the reporter's transcript in the case with the result of

satisfying ourselves that the findings of the trial court are fully sustained by the evidence in the case; that the defendant complied with his written agreement as to the sale and delivery of the wine in question to the extent of delivering 6,100 gallons thereof on the cars at Madrone, which amount of wine, after being then and there examined, sampled and inspected by the agent and representative of the plaintiffs, was fully paid for without any objection or exception as to its quality or amount; that said wine when so sampled, accepted, delivered, and paid for was sound and merchantable, and that whatever happened to said wine thereafter to render the same unfit and unmerchantable when sought to be distributed by the plaintiffs to their customers in New York was something for which the defendant was not to be held responsible.

The second point urged by the appellants is that the trial court erred in ruling against the admission of certain depositions offered by the plaintiffs upon the trial, tending to show that said wine was spoiled and worthless when sought to be so distributed in New York; but in so ruling the trial court was not in error, since the plaintiffs, having examined, tasted, accepted, and received said wine at its specified place of delivery, the defendant's responsibility was then at an end, and hence the offered evidence was immaterial.

[2] The appellants' final contention is that the defendant having agreed to deliver to the plaintiffs 7,200 gallons of wine, and having only delivered 6,100 gallons thereof, they were entitled to damages for the nondelivery of the remaining 1,100 gallons of said wine. A fair construction of the language of the contract between the parties which requires the delivery of "two carloads of wine about 7,200 gallons" would seem to be that the specified number of gallons was merely an estimate or approximation of the content in gallons of two carloads of wine; and this seems to have been the intent of the parties, since the evidence showed that two carloads of wine were actually shipped, and also since no exception was taken to the deficiency in gallons of the wine at the time it was delivered, accepted, and paid for at Madrone.

[3] But an even better reason exists for holding the appellants' contention in this regard to be without merit,

since in their complaint no mention was made of any such breach of the contract nor was any claim for damages therefor averred. It is too late to urge such a claim upon appeal.

Judgment affirmed.

Kerrigan, J., and Waste, P. J., concurred.